# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

LIESL REEVES,

    Plaintiff,

v.

ENVOLVE PHARMACY SOLUTIONS, INC., a Foreign Profit Corporation,

    Defendant.

CIVIL ACTION NO.

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, ENVOLVE PHARMACY SOLUTIONS, INC. ("Defendant"), by and through its undersigned attorneys and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, respectfully files this Notice of Removal giving notice of the removal of this civil action to the United States District Court for the Middle District of Florida, Orlando, Division. In support of this Notice of Removal, Defendant states as follows:

## I.  PROCEDURAL HISTORY

1. On or about December 29, 2022, Plaintiff Liesl Reeves ("Plaintiff") filed a one-count Complaint in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, entitled *Liesl Reeves v. Envolve Pharmacy Solutions, Inc.*, designated Case No. 2023-CA-000010-O (the "State Court

Action"), wherein she alleges Defendant terminated her employment in violation of the Florida Private Whistleblower Act ("FWA").

2. On January 12, 2023, Defendant was served with the Summons and Complaint by process service. A copy of the Summons and Complaint reflecting service, as well as true and legible copies of all other papers on file in the State Court Action are attached hereto as **Exhibit A.**

3. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), within thirty (30) days from the date on which the summons was served. *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

4. The United States District Court for the Middle District of Florida, Orlando Division is the district and division within which the action is pending. Thus, venue is proper in this Court pursuant to 28 U.S.C. §§ 89(b), 1441(a), and 1446(a).

5. This case is a civil action that may be removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because it is an action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## II.   DIVERSITY OF CITIZENSHIP

6. To qualify for diversity jurisdiction under 28 U.S.C. § 1332, there must be complete diversity between the parties, which means no plaintiff may be a citizen of the same state as any defendant. *See Pease v. Medtronic, Inc.*, 6 F. Supp. 2d 1354, 1356 (S.D. Fla. 1998) (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996), overruled on other grounds by *Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000)).

7. In the Complaint, Plaintiff alleges that she resides in Orange County, Florida. *See* Compl. ¶ 3. Plaintiff also alleges that she worked for Defendant in Orange County, Florida until July 2021. *See* Compl. ¶¶ 4-6. The Florida Bar directory reflects that Plaintiff is a member in good standing of The Florida Bar and currently lives at an address in Winter Garden (Orange County), Florida.[1]

8. Based on the foregoing, Plaintiff is a citizen of the State of Florida for purposes of this Court's diversity jurisdiction under 28 U.S.C. § 1332, as her "domicile" or the "place of [her] true, fixed, and permanent home and principal establishment . . . to which [she] has the intention of returning whenever [she] is absent therefrom" is Florida. *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002); *see also Mock v. UnitedHealthcare Ins. Co.*, No. 6:17–cv–46–Orl–37TBS, 2017 WL 7731956, at *1 (M.D. Fla. Feb. 1, 2017).

---

[1] *See* https://www.floridabar.org/directories/find-mbr/.

9.  The named defendant, Envolve Pharmacy Solutions, Inc., is not a citizen of Florida. Plaintiff alleges that Envolve Pharmacy Solutions, Inc. is a foreign profit corporation. *See* Compl. ¶ 2. Envolve Pharmacy Solutions, Inc. changed its name to Centene Pharmacy Services, Inc. on September 19, 2022. *See* Declaration of Tricia Dinkelman ¶ 6.[2] Centene Pharmacy Services, Inc. (formerly, Envolve Pharmacy Solutions, Inc.) is incorporated in Delaware and according to its bylaws updated September 19, 2022, maintains its principal place of business in Missouri. Ex. B ¶ 7. The headquarters of Centene Pharmacy Services, Inc. is located in St. Louis, Missouri. *See id.* at ¶ 8. Centene Pharmacy Services, Inc. also maintains its corporate books and records in St. Louis, Missouri, and a majority of its corporate functions, including human resources, marketing, and executive management operate out of Missouri. *See id.* Thus, Centene Pharmacy Services, Inc. (formerly, Envolve Pharmacy Solutions, Inc.) is a citizen of Delaware and Missouri, not Florida.

10. Accordingly, for purposes of 28 U.S.C. § 1332(a)(1), diversity jurisdiction exists between Plaintiff, a citizen of Florida, and Defendant Envolve Pharmacy Solutions, Inc., a citizen of Delaware and Missouri, at the time of filing this Notice of Removal.

---

[2] The Declaration of Tricia Dinkelman is attached as **Exhibit B**.

### III.   AMOUNT IN CONTROVERSY

11. Pursuant to 28 U.S.C. § 1332(a)(1), diversity jurisdiction also requires the amount in controversy to "exceed the sum or value of $75,000.00."

12. Plaintiff's Complaint alleges damages exceeding $30,000.00, exclusive of interest, costs, and attorneys' fees. *See* Compl. ¶ 7. Where the initial pleading does not demand a specific sum, the notice of removal may assert the amount in controversy. 28 U.S.C. § 1446(c)(2)(A). Construing 28 U.S.C. § 1446(a), which requires "a short and plain statement of the grounds for removal," the Supreme Court has held that a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and need not submit evidence in support thereof. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

13. In assessing the amount in controversy, the Court considers the value of the plaintiff's claims by estimating the amounts that "will be put at issue during the litigation," and *not* how much plaintiff is ultimately likely to recover. *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014); *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (explaining "the plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is *in controversy* in the

case, not how much the plaintiffs are ultimately likely to recover") (emphasis in original) (citation omitted). In conducting its analysis, the Court may rely upon its "judicial experience and common sense," rather than a plaintiff's self-serving representations that the value of his claims is indeterminate. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010).

14. A plain reading of Plaintiff's Complaint, together with the jurisdictional allegations herein, demonstrates the amount in controversy exceeds the sum of $75,000.00, and thus, meets the jurisdictional amount required for removal based on diversity. *See* 28 U.S.C. § 1332(a).

15. Specifically, Plaintiff alleges she held the position of "Compliance Director" at the time of her termination in July 2021. *See* Compl. ¶¶ 5, 21.

16. Plaintiff seeks damages, including (but not limited to) back pay and benefits, front pay and/or lost earning capacity, compensatory damages, and attorneys' fees and costs. *See* Compl., Wherefore clause.

17. As to lost wages, back pay should be calculated from the time of the alleged adverse employment action through the date of trial. *E.g., Pope v. 20/20 Commc'ns, Inc.*, No. 8:15-cv-1774-30JSS, 2015 WL 5165223, at *2 (M.D. Fla. Sept. 2, 2015) (back-pay damages calculated through proposed date of trial); *Hendry v. Tampa Ship, LLC*, No. 8:10-cv-1849-T-30TGW, 2011 WL 398042, *2 (M.D. Fla. Feb. 4, 2011) ("Back pay is generally calculated from the date of the

adverse employment action to the date of judgment."); *Morgan v. Sears, Roebuck & Co.*, No. 12-60055-CIV, 2012 WL 2523692, at *2 (S.D. Fla. June 29, 2012) (calculating back pack from time of termination through expected trial date, noting that court may use its "judicial experience and common sense" in making that determination); *Penalver v. N. Elec., Inc.*, No. 12-80188-CIV, 2012 WL 1317621, at *2 (S.D. Fla. Apr. 17, 2012) (calculating back pay from termination through the "first possible trial date"); *Messina v. Chanel, Inc.*, No. 10-24518-CIV, 2011 WL 2610521, at *2 (S.D. Fla. July 1, 2011) (including back pay through estimated time of trial eighteen months in the future). Indeed, the Eleventh Circuit has approved calculating back pay through the estimated time of trial for purposes of the amount in controversy. *See Wineberger v. RaceTrac Petroleum, Inc.*, No. 5:14-cv-653-Oc-30PRL, 2015 WL 225760, at *3 (M.D. Fla. Jan. 16, 2015) (calculating back pay from termination through estimated trial date of twenty-four months after complaint was filed, along with front pay of one year), *aff'd by Wineberger v. RaceTrac Petroleum, Inc.*, 672 F. Appx. 914, 917 (11th Cir. 2016) (approving same).

18. According to Plaintiff's W-2 for 2020, her last full year of employment, Plaintiff earned $120,902.98 in gross pay.

19. Thus, Plaintiff's lost wages from the time of her termination in July 2021 through present (over 18 months) is approximately $181,354.47 ($120,902.98 x 1.5 years). According to Federal Judicial Caseload Statistics from March 2022, the median time interval from filing to disposition through trial for civil cases in the Middle District of Florida is over two years.[3] Conservatively adding two years to the back pay calculation to account for the time through trial, Plaintiff's lost wages for purposes of removal are **$423,160.43** ($120,902.98 x 3.5 years).

20. Although front pay, compensatory damages, and attorneys' fees all can be considered to determine the amount in controversy for diversity jurisdiction, this Court need not undergo this analysis as the amount in controversy threshold is easily satisfied solely by Plaintiff's potential for back pay. In the event the Court wishes to evaluate these available damages, however, such damages further demonstrate the requisite amount in controversy has been satisfied.[4]

21. Because the amount in controversy clearly exceeds $75,000.00, exclusive of interest and costs, and the action is between citizens of different states,

---

[3] *See* https://www.uscourts.gov/federal-judicial-caseload-statistics-2022-tables (reflecting 25.3 months as the median time interval from filing to disposition through trial for civil cases in the Middle District of Florida).

[4] Courts may consider potential front pay, compensatory damages, as well as attorneys' fees (all of which Plaintiff seeks to recover) to determine whether the amount in controversy has been met to support diversity jurisdiction. *See* Compl., Wherefore clause. *See also Wineberger*, 672 F. App'x at 917 (approving inclusion of front pay in amount in controversy calculation under FCRA); *Awad v. Cici Enterprises*, 2006 U.S. Dist. LEXIS 71998, at **3-4 (M.D. Fla. Oct. 3, 2006) (compensatory and punitive damages and attorneys' fees included in amount in controversy in diversity cases); *Penalver*, 2012 WL 1317621, at *3 (including reasonable

the District Court has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332(a). Thus, this case may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1441 and 1446.

## IV.   NOTICE AND TIMELINESS

22.   Finally, this Notice of Removal has been given to Plaintiff and has been filed with the Clerk of the Circuit Court of the Ninth Judicial Circuit in and for Orange County, as required by 28 U.S.C. § 1446(d). A copy of the Notice of Filing Notice of Removal is attached hereto as **Exhibit C.**

23.   The required filing fee of $400.00 and an executed civil cover sheet accompany this Notice.

WHEREFORE, Defendant respectfully removes this action, pending in the Ninth Judicial Circuit Court of Orange County, Florida to the United States District Court for the Middle District of Florida, Orlando Division.

---

attorney's fees in amount of controversy calculation).

Dated: February 10, 2023.　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ Natalie J. Storch*
　　　　　　　　　　　　　　　　　　　　Kimberly J. Doud, Bar No. 0523771
　　　　　　　　　　　　　　　　　　　　kdoud@littler.com
　　　　　　　　　　　　　　　　　　　　Natalie J. Storch, Bar No. 0269920
　　　　　　　　　　　　　　　　　　　　njstorch@littler.com
　　　　　　　　　　　　　　　　　　　　LITTLER MENDELSON P.C.
　　　　　　　　　　　　　　　　　　　　111 North Orange Avenue, Suite 1750
　　　　　　　　　　　　　　　　　　　　Orlando, FL  32801-2366
　　　　　　　　　　　　　　　　　　　　Telephone:　407.393.2900
　　　　　　　　　　　　　　　　　　　　Facsimile:　407.393.2929

　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant

## CERTIFICATE OF SERVICE

　　I HEREBY CERTIFY that on this 10th day of February, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and a correct copy of the foregoing has been furnished electronic mail to:

James J. Henson, Esq.
Morgan & Morgan, P.A.
20 N. Orange Avenue, 15th Floor
Orlando, FL 32802
Email: jjhenson@forthepeople.com

　　　　　　　　　　　　　　　　　　　　*/s/ Natalie J. Storch*
　　　　　　　　　　　　　　　　　　　　Natalie J. Storch

4876-5409-1851.3 / 108840-1096